## The Rescue.

*(District Court, W. D Pennsylvania.   June 20, 1885.)*

1. TOWAGE—EXEMPTION FROM NEGLIGENCE.
     An understanding that a tow-boat should not be responsible for damages to the tow upon a contemplated trip, would not exonerate the tow-boat from the consequences of actual negligence in the performance of the service undertaken.
2. SAME—DAMAGES.
     The general rule is that the damages recoverable for injury to a vessel by a collision should not exceed her then value.

In Admiralty.

*D. T. Watson,* for libelant.

*Knox & Reed,* for respondent.

ACHESON, J.   The evidence, as a whole, scarcely warrants the conclusion that there was any express agreement relieving the Rescue from that measure of care and diligence which the law imposes upon a tow-boat. But if the conversation between John Jackson and W. C. Jutte was as the latter testifies, still it would not exonerate the tow-boat from the consequences of actual negligence in the performance of the service undertaken. *Powell* v. *Pennsylvania R. Co.* 32 Pa. St. 414. The contract, however, having been entered into with the prospect of encountering ice, there was no culpability in undertaking the trip; and it may be conceded also that if there was any increased risk arising from the presence of ice, the libelant should be held to have accepted that hazard. The real question in the case then is whether the Rescue was forced upon the flat-boat by the pressure of the ice or struck it negligently.

And here the weight of evidence is most decidedly against the

Rescue. In backing towards the flat after the tow-boat had broken the ice and opened a way to Jackson's float, there was a plain lack of that degree of care which the occasion called for. As no one was left on the flat to warn off the Rescue as she approached, it was imperative that some one should have been on watch at the stern of the tow-boat. Conceding that the pilot is correct when he says the flat could be seen from the pilot-house "every time I looked at her," still he had his other appropriate duties to perform and could not closely and constantly watch the flat. Hence, as he himself states, the stern of the tow-boat was only about seven or eight feet from the flat when he rang the stopping-bell, and the headway was not arrested in time. The flat was not only hit by the Rescue, but one of her wheel-arms, coming down on the top of the flat, forced it under water. Undoubtedly, the collision could have been avoided by the exercise of proper care. The proof is clear that the disaster was altogether the result of culpable negligence on the part of the Rescue.

The libelant's claim, so far as it relates to the expense of raising and repairing the flat-boat, is well made out; but the item of demurrage must be disallowed. The evidence as to actual loss here is somewhat vague, and I incline to think there was unnecessary delay in raising the flat. The controlling reason, however, for denying demurrage is that the other damages allowed are probably as much as the flat was reasonably worth when she was sunk. Now, the general rule is that the damages allowed for injuries to a vessel should not exceed her value at the time of collision, (*The Venus*, 17 FED. REP. 925,) and there is nothing in this case to take it out of that rule.

Let a decree be drawn in favor of the libelant for $459.21, with interest from July 1, 1884, and costs.